UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FERNANDO BERTIZ LOPEZ,

    Plaintiff,

v.

GMAC MORTGAGE, LLC, et al.,

    Defendants.

2:10-CV-122 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Fernando Bertiz Lopez' motion to set aside the order granting defendant GMAC Mortgage, LLC's motion to dismiss (doc. #13). (Doc. #15). Defendant has filed opposition. (Doc. #17).

Plaintiff moves under Federal Rule of Civil Procedure 60(b) to set aside the motion to dismiss for excusable neglect. In his complaint and subsequent motion, plaintiff states he attempted to secure a loan modification from defendant for his residential property. His attorney assured him defendant would contact him, and encouraged him to discontinue his mortgage payments. Plaintiff followed his attorney's advice. Defendant did not approve a loan modification, and plaintiff states defendant did not contact plaintiff until it served plaintiff with a notice of eviction. Plaintiff alleges defendant's notice violated state and federal law.

Plaintiff retained an attorney, Barry Levinson, to represent him in his foreclosure challenge. Levinson failed to respond to defendant's motion to dismiss. Plaintiff states he was unaware of Levinson's failure to file a response. This court granted the motion to dismiss as unopposed, and plaintiff moves to set aside that order.

**James C. Mahan**
**U.S. District Judge**

Under Rule 60(b), a court may grant relief from a final judgment for excusable neglect or other good cause. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393-394 (1993), the Supreme Court clarifies that "excusable neglect" encompasses circumstances arising from an attorney's negligence. In such situations, a court is permitted to set aside the judgment. However, in this case this court finds that dismissal was appropriate.

Here, plaintiff attributes the failure to file opposition to the negligence of his attorney. Nevertheless, this court finds other factors beyond the failure to oppose weigh in favor of dismissal. Plaintiff fails to show a likelihood of success on the merits of his case. He has not provided legal justification for his claims, nor shown a causal link between defendant's actions and any prejudice to plaintiff. Rather, plaintiff relies on conclusory allegations to support his complaint, and minimal law to support his motion to set aside the order. Plaintiff has not responded to defendant's opposition, nor in any way addressed legal issues defendant raises. Indeed, plaintiff's motions largely address the purported negligence of the attorneys, not the law governing plaintiff's claims against the defendant.

Finally, plaintiff's motion to set aside the order differs factually from plaintiff's complaint, as some dates are changed. Therefore, this court declines to grant plaintiff's motion. Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to set aside the dismissal (doc. #15) be, and the same hereby is, DENIED.

DATED August 20, 2010.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -